# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRANSCOMB, | Case No. 1:13-cv-01257-AWI-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CHRISTOPHER ESTES, | (ECF No. 1) |
| Defendant. | THIRTY-DAY DEADLINE |

Plaintiff Kerry Branscomb, a state prisoner proceeding pro se and in <u>forma pauperis</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the complaint, filed on August 12, 2013. (ECF No. 1.)

**I.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

To the extent that the Court is able to understand the allegations in the complaint, Plaintiff appeared before Judge Estes in Los Angeles County on May 24, 2013. (Compl. 2-3, ECF No. 1.) Plaintiff appears to have had a psychiatric or medical issue and when he returned to the court a witness was on the stand next to Judge Estes. (Id. at 3.) Plaintiff states he was confused as to how the witness testified without him being present and his public defender began to pressure him to plead guilty by stating that Plaintiff had a prior strike from 1972. (Id. at 4.) Plaintiff contends that his health has gotten worse as the California Department of Corrections and Rehabilitation ("CDCR") does not have a viable medical system. (Id. at 5.)

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state any cognizable claims under section 1983. Plaintiff shall be granted an opportunity to amend his

complaint to cure the deficiencies in his Eighth Amendment claim.

## III.

## DISCUSSION

**A.     Venue**

Other than Plaintiff's statement that his health has declined while in the custody of the CDCR, the incidents described in the complaint occurred in Los Angeles County. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought in "a judicial district where any defendant resides," where "a substantial part of the events or omissions giving rise to the claim occurred," or where "any defendant can be found." 28 U.S.C. § 1391(b). In this instance, venue for the incidents that occurred in Los Angeles County is proper in the Central District of California, and there are no grounds presented meriting consolidation of claims arising from separate events occurring in different judicial districts. Fed. R. Civ. P. 42(a); Devlin v. Transpiration Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999); Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995). Although venue for these claims is not proper in this district, the Court shall provide Plaintiff with the legal standards that appear to apply to these claims.

      1.     Habeas Corpus

It appears that Plaintiff is challenging his original conviction and such a claim cannot be raised in a section 1983 action. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and the sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Plaintiff cannot bring a section 1983 suit challenging his conviction until and unless he can show that his conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489 (1994). Since Plaintiff is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy lies in habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

      2.     Judicial Immunity

Plaintiff names Judge Estes as the sole defendant in this action. It is well settled that

1  judges and those who perform "judge-like functions are absolutely immune from damage liability
2  for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.
3  1986). Judicial immunity applies even if the judicial officer "takes actions which are in error, are
4  done maliciously, or are in excess of his authority." Meek v. County of Riverside, 183 F.3d 962,
5  965 (9th Cir. 1999). Absent law to the contrary,

      3.      State Actor

To the extent that Plaintiff is attempting to bring a section 1983 claim against his public defender he cannot state a claim. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim under section 1983, a plaintiff must allege that a violation of the plaintiff's constitutional or federal rights was caused by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

It is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

**B.**    **Eighth Amendment Deliberate Indifference**

Plaintiff alleges that his health has gotten worse because CDCR does not have a viable medical system. Plaintiff is currently housed at Wasco State Prison and his claims regarding medical care while housed there are appropriately raised in this judicial district.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4

conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Deliberate indifference is a high legal standard. Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).

Plaintiff's conclusory allegation that his health has suffered while in the care of the CDCR due to the lack of a viable health care system fails to state a cognizable claim. In order to state a claim under section 1983, Plaintiff must allege sufficient facts to show that there is an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

5

588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

## IV.
## CONCLUSION

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint to cure the deficiencies in his Eighth Amendment claim within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 12, 2013, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

1    4.   If Plaintiff fails to file an amended complaint in compliance with this order, this
2         action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 23, 2013**

_____
UNITED STATES MAGISTRATE JUDGE