# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRANSCOMB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER ESTES,<br><br>　　　　　Defendant. | Case No. 1:13-cv-01257-AWI-SAB<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 5, 7)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 28 U.S.C. § 1983 on August 12, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 26, 2013, the magistrate judge screened Plaintiff's complaint and an order issued dismissing the complaint for failure to state a claim with leave to file an amended complaint within thirty days. (ECF No. 4.) Plaintiff did not file an amended complaint. On October 4, 2013, the magistrate judge issued a findings and recommendation recommending dismissing this action for failure to state a claim and informed Plaintiff that he had thirty days in which to file objections. (ECF No. 5.) Plaintiff filed objections on October 21, 2013. (ECF NO. 7.)

　　　　In his objections, Plaintiff states he is seeking the following: 1) his sentence of four years and a strike suspended and he be referred to Veteran's Court; 2) his sentence suspended and he be

1

placed on probation with a Global Positioning System ankle monitor; or 3). that he be given a retrial.  (Objections 2, ECF No. 7.)  As the magistrate judge found in the order dismissing the complaint with leave to amend, Plaintiff's challenge to his underlying conviction and sentence lies in habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Further, Plaintiff's section 1983 claim against his public defender fails as a court appointed attorney is not a state actor, Polk v. Dodson, 454 U.S. 312, 325 (1981), and the judge who presided over Plaintiff's criminal case is entitled to judicial immunity, Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Therefore, these claims shall be dismissed without leave to amend.

However, Plaintiff shall be granted an opportunity to file a complaint to cure the deficiencies in his Eighth Amendment claim based upon medical treatment while in prison.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court adopts the findings and recommendations in part and declines to adopt in part for the reasons set forth.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation, filed October 4, 2013, is ADOPTED IN PART;
2. Plaintiff's claims based upon his criminal conviction are dismissed, without leave to amend, for failure to state a claim under section 1983;
3. Defendant Estes is dismissed from this action;
4. Plaintiff shall be granted thirty days from the date of service of this order in which to file an amended complaint setting forth his eighth amendment claims based upon medical care;
5. If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed; and

6. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 30, 2013

SENIOR DISTRICT JUDGE

3