# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRANSCOMB,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER ESTES,<br><br>    Defendant. | Case No. 1:13-cv-01257-AWI-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff Kerry Branscomb, a state prisoner proceeding pro se, filed a complaint in this action on August 12, 2013. (ECF No. 1.) On August 26, 2013, the undersigned screened the complaint and issued an order issued finding Plaintiff had failed to state any cognizable claims and directing Plaintiff to file an amended complaint within thirty days. (ECF No. 4.)

After Plaintiff failed to file an amended complaint, a findings and recommendation issued recommending dismissing this action for failure to state a claim on October 4, 2013. (ECF No. 5.) Plaintiff filed objections to the findings and recommendation on October 21, 2013. (ECF No. 7.) On October 3, 2013, District Judge Anthony W. Ishii issued an order adopting in part the findings and recommendations. The order adopting dismissed Plaintiff's claims based upon his criminal conviction without leave to amend, Defendant Estes was dismissed from the action, and

1

1  Plaintiff was granted thirty days in which to file an amended complaint setting forth his Eight
2  Amendment claims. (ECF No. 8.) On November 14, 2013, Plaintiff filed a first amended
3  complaint. (ECF No. 9.)

4  For the reasons discussed below, Plaintiff has failed to state a cognizable claim under
5  section 1983. Plaintiff shall be granted one final opportunity to file an amended complaint to cure
6  the defects in his Eighth Amendment claim.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## DISCUSSION

In his first amended complaint, Plaintiff is again attempting to challenge his conviction. Plaintiff is again advised that it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Plaintiff's claims regarding ineffective assistance of counsel may not be raised in section 1983 action.  The appropriate remedy is for Plaintiff to file a writ of habeas corpus.

Plaintiff alleges that his public defender Banton was aware of his condition and used it to the fullest.  (First Am. Compl. 3, ECF No. 10.)  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  As Plaintiff was previously advised, it is well established that court appointed attorneys are not state actors.  Polk v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff complains that while he was in court the judge told him to shut up and raised his bail to $150,000.00.  (ECF No. 9 at 2.)  Again, Plaintiff has previously been advised that judges and those who perform "judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  Judicial immunity applies even if the judicial officer "takes actions which are in error, are done maliciously, or are in excess of his authority."  Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  The judge who set Plaintiff's bail was acting in his judicial capacity and is entitled to absolute immunity.

Plaintiff states that he has "severe corpal tunnel – C.O.P.D. and Asthema – Seizures – Severe Depression – 3 Attempts of Suicide."  (ECF No. 9 at 6.)  Plaintiff alleges that Drs. Yinn and Sims at the California Correctional Institute have told him that certain ailments cannot be handled by the California Department of Corrections.  (Id. at 3.)  In order to state a claim for a

violation of the Eighth Amendment based upon prison medical treatment, Plaintiff must allege sufficient facts to show that the defendant acted with "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  Plaintiff has failed to set forth factual allegations to show that any prison official is aware that there is an excessive risk to Plaintiff's health.  Plaintiff fails to state a cognizable claim for a violation of the Eighth Amendment.

Plaintiff has only been granted leave to amend his complaint to perfect his allegations regarding prison medical care.  Plaintiff is further advised that in order to state a claim based upon prison medical care, he must allege facts to show that each named defendant was aware that Plaintiff was at a risk of serious injury or harm; and Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff is referred to the order issued August 28, 2013 for further legal standards that apply to his Eighth Amendment claim.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file a second amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state

what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 14, 2013, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint to cure the deficiencies in his Eighth Amendment claim; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 18, 2013**

UNITED STATES MAGISTRATE JUDGE