# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BRANSCOMB,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRISTOPHER ESTES,<br><br>        Defendant. | Case No.  1:13-cv-01257-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS CONSTRUED AS A MOTION FOR RECONSIDERATION AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 11, 12, 14, 15, 16)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

## I.

## PROCEDURAL HISTORY

Plaintiff, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2013. (ECF No. 1.) On August 26, 2013, the magistrate judge screened Plaintiff's complaint and it was dismissed with leave to amend. (ECF No. 4.) After Plaintiff failed to file an amended complaint, the magistrate judge issued findings and recommendations recommending the action be dismissed for failure to state a claim. (ECF No. 5.) Plaintiff filed an objection on October 21, 2013, and on October 30, 2013, the undersigned issued an order adopting in part the findings and recommendations. (ECF Nos. 7, 8.) In the order adopting, Plaintiff's claims based upon his criminal conviction were dismissed without leave to

amend and Defendant Estes was dismissed from the action. (ECF No. 8.)

On November 14, 2013, Plaintiff filed a first amended complaint. (ECF No. 9.) On November 15, 2013, Plaintiff filed an objection to the order dismissing some of his claims and dismissing Defendant Estes from this action. (ECF No. 10.) On November 18, 2013, the magistrate judge screened Plaintiff's first amended complaint; and it was dismissed with leave to amend for failure to state a claim. (ECF No. 11.) On this same date, Plaintiff filed another objection and a supplement to his complaint. (ECF Nos. 12, 13.) On November 21, 2013, Plaintiff filed an objection to the order dismissing his complaint with leave to amend and a second amended complaint. (ECF Nos. 14, 15.) On November 25, 2013 another amended complaint was lodged. (ECF No. 16.) On November 27, 2013, the magistrate judge issued an order striking Plaintiff's supplement to the complaint. (ECF NO. 17.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d

1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S SECOND AMENDED COMPLAINT

On November 21, 2013, Plaintiff filed a second amended complaint which sets forth the claims that have dismissed from this action without leave to amend. The complaint lodged November 25, 2013, once again sets forth these claims and argues that enhancing his sentence based upon an event that occurred fifty years ago is double jeopardy. Plaintiff again requests immediate release and a new trial.

As Plaintiff has previously been advised in the August 26, 2013; October 30, 2013; and November 11, 2013 orders from this Court, it is well established that court appointed attorneys are not state actors and therefore Plaintiff may not bring a claim against his public defender under Section 1983, Polk v. Dodson, 454 U.S. 312, 325 (1981); judges and those who perform "judge-like functions are absolutely immune from damage liability for acts performed in their official capacities," Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); and it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and Plaintiff's sole remedy lies in habeas corpus relief, Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

Plaintiff had been granted leave to file his amended complaint to cure the deficiencies in his Eighth Amendment claim alleging inadequate prison medical care. Further, Plaintiff was advised that in order to state a claim he must link each defendant to some affirmative act or failure to act that demonstrates a violation of his federal rights.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff has failed to name any defendant who was aware that he has a serious medical need. Further, the only allegation contained in the second amended complaint that would apply to Plaintiff's Eighth Amendment claim is that he needs his primary care physician. The lodged complaint does not contain any factual allegations regarding the medical care Plaintiff is receiving in prison. Plaintiff fails to state a cognizable claim that any prison official has been deliberately indifferent to his need for medical care while he has been incarcerated.

### IV.

### OBJECTIONS

Plaintiff filed objections on November 15, and 18, 2013. In these documents Plaintiff sets forth arguments regarding his conviction and sentencing and is requesting immediate release, a retrial, the conviction be expunged from his record, or sentencing to Veteran's Court. Plaintiff's objection filed November 21, 2013, merely sets forth his arguments and states that he wants his day in court. The Court shall construe Plaintiff's objections as a motion for reconsideration of the orders issued October 30, 2013 and November 18, 2013.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571

1  F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  Plaintiff's objections merely set forth the facts and arguments that the Court has previously considered. Plaintiff fails to set forth any grounds entitling him to reconsideration of the prior orders of the Court.

As Plaintiff has been advised, he may not seek to invalidate his conviction or sentence in an action pursuant to Section 1983.  In order to raise claims challenging the actions of his public defender or his underlying conviction or sentencing, Plaintiff must bring a petition for a writ of habeas corpus.  Plaintiff is improperly attempting to litigate these issues in this civil rights action and may not do so.

Regardless, the Court notes that Plaintiff's most recent complaint appears to be based on Plaintiff's contention that the use of his prior felony conviction to enhance his current sentence under California's "three strikes law" violates his rights against double jeopardy.   This claim is without merit.  The Supreme Court has "rejected double jeopardy challenges" to recidivist statutes like California's three strikes law because the "enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime.'"  Witte v. United States, 515 U.S. 389, 400 (1995) (quoting Gryger v. Burke, 334 U.S. 728, 732 (1948));  United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir. 1999) (en banc).

## V.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted two opportunities to amend the complaint, with guidance by the Court.  Plaintiff has now filed four complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being

cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections which are construed as motions for reconsideration are DENIED;

2. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED in its entirety based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

3. The Clerk's Office shall enter judgment; and

4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   December 6, 2013

SENIOR DISTRICT JUDGE